UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

KEITH THOMAS, )
)
    Plaintiff, )
)
    v. ) 14-CV-1293
)
HELEN HAMILTON and )
ABERADO A. SALINAS, )
)
    Defendants. )

## MERIT REVIEW AND CASE MANAGEMENT ORDER

    The plaintiff, incarcerated in the Pontiac Correctional Center, has filed an amended complaint as directed by the court. He alleges that he was wrongly disciplined for exposing himself and touching a nurse in a sexual manner. When the incident occurred he was allegedly experiencing delusions and hallucinations. He purportedly believed at the time that the nurse was his wife. He maintains that a psychologist should have been called to testify at his disciplinary hearing to provide exonerating evidence about his mental illness.

    The plaintiff alleges in his amended complaint that he lost one year of good time, which is confirmed by the attachments to the amended complaint. As long as that good time revocation stands, the plaintiff's challenge to the failure to consider exonerating evidence at the disciplinary hearing is, in effect, a challenge to his loss of good time. In federal court, a challenge to the loss of good time may be pursued only in a federal habeas action, after the exhaustion of state court remedies. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

    The way for the plaintiff to begin challenging his disciplinary hearing is to file a complaint for mandamus relief in state circuit court, appeal to the state appellate court, and then seek discretionary review before the Illinois Supreme Court. *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001). Only then may a habeas action in federal court be filed. The court hastens to add that the plaintiff may not have a viable habeas action in

federal court even after exhausting his state court remedies, but that determination would be premature.

**IT IS ORDERED:**

1) Plaintiff's amended complaint is dismissed because the plaintiff cannot challenge his loss of good time in an action for damages under 42 U.S.C. Section 1983.

2) This case is closed, and all pending motions are denied as moot (4).

3) The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

4) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

5) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 3rd day of December, 2014

/s/ Harold A. Baker
_____
HAROLD A. BAKER